ROLAND ANDREWS et al., Plaintiffs, *v.* EMPIRE CO-OPERATIVE FIRE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Tompkins County, February 22, 1949.

*Gerald S. Hewitt* for plaintiffs.

*Curtiss D. Matterson* for defendant.

SANTRY, J.   This is a motion by the plaintiffs for summary judgment in an action to recover on a fire insurance policy.

The defendant insured an apartment dwelling owned by the plaintiffs against loss by fire in the amount of $9,000, by a policy which contained an 80% coinsurance clause. After a fire occurred the parties were unable to agree on the loss, and each appointed an appraiser to " appraise the loss, stating separately actual cash value and loss to each item," as provided by the policy. The appraisers made their appraisal and each filed a separate report.   Each reported the sound value of the premises at $11,806, and each reported the fire loss at $9,000.

The appraiser appointed by the defendant included in his report a statement in which he depreciated the fire loss by 50%, and stated the amount due to be $4,500. The appraiser appointed by the plaintiff included in his report a statement that the full amount of the loss, namely $9,000, is payable.

The defendant claims that the appraisers are not in agreement because of their conflicting statements as to the amount due.   The appraisers were authorized to determine and report only two things, viz.: (1) the actual cash value of the property and (2) the loss occasioned by the fire.   They were in accord on these two items, and so reported.   The amount due was no concern of theirs and was outside the scope of their authority. Reference to the same in their reports was surplusage and bound nobody.

The defendant claims also that the report of the appraisers is not complete because cash value and loss were not stated separately.   This contention is untenable.   There was only one item of loss involved, and that was the building.   It is difficult to see why more was required than was done by the appraisers.

There is no merit in the claim of the defendant that because the appraisers arrived at the sound value of the building by taking its replacement value and depreciating that by 50% it was necessary in determining the liability of the insurance company that the loss sustained by the policyholder should be reduced by 50%.   The defendant made a contract to indemnify the plaintiffs for the loss they might sustain.   It cannot evade its liability by offering to pay one half of this loss by applying

some fantastic theory of depreciation, unrelated to the actual loss sustained.

The plaintiffs have performed all of the conditions required of them under the policy. The appraisers have fixed the sound value of the property at $11,806, and the loss at $9,000. The plaintiffs are entitled to recover the amount of such loss adjusted against the sound value of the property to comply with the 80% clause in the policy.

The plaintiffs' motion for summary judgment against the defendant for the sum of $8,576.10, with interest from the 8th day of April, 1948, with costs, is granted.

Prepare order and judgment accordingly.