THERMO-PLASTICS R & D, INC v GENERAL ACCIDENT FIRE &
LIFE ASSURANCE CORPORATION, LTD

1. APPEAL AND ERROR—WEIGHT OF THE EVIDENCE—NEW TRIAL—PRE-
SERVING QUESTION.

An objection going to the weight of the evidence is properly
addressed to the discretion of the trial judge by a motion for a
new trial and failure so to move precludes appellate review of
the issue.

2. INSURANCE—APPRAISAL PROVISIONS—PRIOR JUDICIAL DETERMINA-
TION.

A business interruption provision of a fire insurance policy which
requires as a precondition to litigation that a proof of loss be
filed and that a dispute over the amount of loss be submitted to
a panel of appraisers precludes judicial determination of liabil-
ity for the loss prior to filing of the proof of loss and appraisal.

3. INSURANCE—APPRAISAL PROVISIONS—EXTENDING TIME.

An insured's claim that its business interruption loss was in
excess of the face value of its fire insurance policy, and that the
excess loss was attributable to the fault of the insurer in its
delayed replacement of damaged equipment, did not relieve the
insured of its obligation to comply with the statutorily-pre-
scribed appraisal procedure prior to litigation, but the insured's
time limit for filing proof of loss and proceeding to appraisal
should be deemed tolled during the pendency, including the
appeal period, of an action begun in good faith for the excess
loss.

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted Division 1 March 9, 1972, at Detroit.
(Docket No. 10857.) Decided August 28, 1972.

Complaint    by    Thermo-Plastics    R & D,    Inc.,

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 607.
[2] 44 Am Jur 2d, Insurance §§ 1718–1720.
[3] 44 Am Jur 2d, Insurance § 1713.

against General Accident Fire and Life Assurance Corporation, Ltd., and others for damages resulting from a fire. Judgment of no cause of action in favor of defendant insurers. Plaintiff appeals. Affirmed.

*Dee Edwards,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *D. J. Watters),* for defendant General Accident Fire & Life Assurance Corporation, Ltd.

Before: LEVIN, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

LEVIN, P. J. Machinery owned by the plaintiff, Thermo-Plastics R & D, Inc., was damaged in a fire.

Thermo-Plastics commenced this action against the defendants, who are

—General Accident Fire and Life Assurance Corporation, Ltd., Thermo-Plastics' contents and business interruption fire insurer;

—General Adjustment Bureau, Inc., the insurer's claims adjuster; and

—Michigan Machine Rebuilders, a contractor hired to repair the machinery.

General Accident paid Thermo-Plastics for the cost of repairing the machinery. The issue tried to the jury was whether Thermo-Plastics was entitled to recover for loss of business caused by inordinate delay in making the repairs. The jury returned a verdict against Michigan Machine Rebuilders for $9,000, and found no cause for action against General Accident and General Adjustment. Thermo-Plastics appeals. We affirm.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

I

Thermo-Plastics' first contention is that the jury's verdict of no cause for action was against the great weight of the evidence. This is a claim properly addressed to the discretion of the trial judge by a motion for a new trial predicated on that ground.[1] No such motion was filed in this case and, therefore, there is nothing on this issue before us to review.

We perceive in Thermo-Plastics' briefed argument on this issue, however, a second claim which we may consider. Thermo-Plastics alleges that the jury's verdict contrary to the great weight of the evidence was engendered by instructional error.

Thermo-Plastics' case was submitted to the jury on the theory that General Accident had elected under a provision of the policy[2] to repair the damaged machinery, rather than to merely pay Thermo-Plastics for the cost of repair.

The judge, as a part of his charge, read to the jury the pertinent policy provision:

"It shall be optional with this company to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required."

The jury was further charged, in part:

---

[1] See People v Mattison, 26 Mich App 453, 459 (1970); Walls v Transamerican Freight Lines, 37 Mich App 307, 309 (1971).

[2] A standard fire insurance policy is prescribed by statute. MCLA 500.2832; MSA 24.12832. This standard policy has been enacted in most states, in some states with variations from the policy prescribed by the Michigan Legislature.

"[U]nless you find that the defendant General Accident elected to repair plaintiff's property rather than *pay plaintiff* for the cost of the repairs, your verdict must be of no cause for action in favor of the defendant General Accident." (Emphasis supplied.)

Thermo-Plastics contends that these instructions were misleading, because they implied that General Accident could not have *elected* to repair the machinery because the procedures spelled out in the policy for making an election had not been followed—namely: filing of a proof of loss by the insured and the giving of notice within 30 days thereafter by the insurer to the insured of intention to repair—and because General Accident had *paid* Thermo-Plastics for the cost of repairs rather than paying Michigan Machine Rebuilders directly. Read in context, the instructions do not convey the implication advanced by Thermo-Plastics; we are satisfied that the jurors were not misled and that the instructions accurately presented to the jury the issue it was to decide.

## II

Thermo-Plastics next asserts that the judge erred in refusing to submit to the jury Thermo-Plastics' claim seeking the balance due on the business interruption insurance written by General Accident. The judge withdrew this claim from the jury's consideration because Thermo-Plastics had failed to comply with procedures outlined in the policy.[3] In particular, the policy requires, as a

---

[3] The total amount of business interruption insurance carried by Thermo-Plastics was $38,000. General Accident paid $15,000 in respect to interim proofs of loss. Thermo-Plastics has not submitted a proof of loss for the additional amount claimed by it.

precondition to litigation,[4] that the insured file a proof of loss, and, if there is a dispute over the amount of the loss, that this be submitted to a panel of appraisers.[5]

We agree with the ruling of the trial judge. This is not a case of a defendant seeking to impose a defense based on an insubstantial procedural irregularity. The appraisal procedure as a substitute for judicial determination of a dispute concerning the amount of a loss is legislatively prescribed in the standard fire insurance policy, the terms of which are mandatory under the Michigan Insurance Code.[6] The Michigan Supreme Court has described this appraisal procedure as "a simple and inexpensive method for the prompt adjustment and settlement of claims".[7] Thermo-Plastics was obliged to exhaust its remedies under the policy.[8]

---

[4] *"Suit*

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

[5] *"Requirements in case loss occurs.*

"[A]nd within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss,

\* \* \*

*"Appraisal*

"In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

[6] *See* fn 2.

When pressed for a statement of reasons for the failure to file formal proof of loss and proceed, if necessary, to appraisal, Thermo-Plastics' lawyer said that her client's claim was for damages in excess of the face amount of the policy, and that General Accident is liable for the additional damages because they are attributable to the fault of General Accident, and the remedy before the appraisers is inadequate because their findings may only be challenged for fraud.

The possibility that the appraisers would determine an amount of damages in excess of the policy limits does not relieve Thermo-Plastics of the obligation to comply with the statutorily-prescribed procedure. If the appraisers in fact determined an amount of damages in excess of the policy limits, it would then be a question for a court to decide whether General Accident is subject to liability for the excess.[9]

General Accident's lawyer conceded during oral argument[10] that the time limit on the filing of proof of loss by Thermo-Plastics was waived, at least through the time of filing suit. We are of the opinion that this time limit should be deemed tolled during the pendency of this suit, begun in good faith, including the appeal period.[11] Thermo-

[7] *Shapiro v Patrons' Mutual Fire Insurance Co of Michigan,* 219 Mich 581, 586 (1922).

[8] *Cf. Maryland Casualty Co v McGee,* 32 Mich App 539 (1971).

[9] *See Feinbloom v Camden Fire Insurance Association,* 54 NJ Super 541, 547–548; 149 A2d 616, 620 (1959); *Munn v National Fire Insurance Co of Hartford,* 237 Miss 641, 651; 115 So 2d 54, 58 (1959); *Mork v Eureka-Security Fire & Marine Insurance Co,* 230 Minn 382, 384; 42 NW2d 33, 35 (1950).

[10] On the effect of admissions during oral argument, see *People v Snow,* 386 Mich 586, 591 (1972).

[11] *Cf. Pattridge v Lott,* 15 Mich 251 (1867); *White v Michigan Consolidated Gas Co,* 352 Mich 201, 212 (1958); *Republic Franklin Insurance Co v City of Walker,* 17 Mich App 92, 96 (1969).

Plastics may now proceed properly in accordance with the procedures prescribed in the insurance policy to assert its claim that it is entitled to recover a greater amount than has already been paid by General Accident under the business interruption coverage.[12]

## III

It is next contended that the judge should have allowed Thermo-Plastics' lawyer to examine the contents of General Accident files which she had subpoenaed for the trial. The judge, after examining the files, ruled that Thermo-Plastics would not be allowed to "discover" the contents. The judge appears to have based his decision both on GCR 1963, 306.2 and on a finding that Thermo-Plastics had not been diligent.[13] We have examined the

[12] As a separate assignment of error, Thermo-Plastics asserts that the judge should have charged the jury that Thermo-Plastics might recover for loss attributable to General Accident's delay in making payment for the damage to the machinery. General Accident in fact made payment within the period prescribed by the policy, namely, within 60 days after the filing of proof of loss in respect to the repair of the machinery.

It appears, therefore, that the delay of which Thermo-Plastics complains is the delay in commencing the repair of the machine, which seems to have prevented earlier filing of the proof of loss.

This claim is intertwined with the claim that Thermo-Plastics is entitled to recover a greater amount than has already been paid on the business interruption insurance. On brief Thermo-Plastics concedes that it is "almost impossible" to separate the claims.

We repeat what we have already said in this regard, namely, if Thermo-Plastics can establish damages in excess of the business interruption policy limits, then the question of General Accident's responsibility for such excess would become justiciable.

[13] "The court shall not order the production or inspection of any writing prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice." GCR 1963, 306.2.

"No discovery proceedings shall be conducted after completion of

contents of the files. A considerable number of the documents are copies of correspondence with Thermo-Plastics and its attorney. As to the rest, we found nothing additional bearing on the issue whether General Accident elected to repair the machinery and have, therefore, concluded that any error was harmless.

Affirmed. Costs to defendants.

All concurred.

the pretrial conference provided by this rule or after waiver of pretrial in accordance with sub-rule 301.8 unless subsequently ordered by the court on written motion for good cause shown; provided, however, that physical examination of a party before trial may be ordered in the pretrial conference summary statement or in the order approving waiver of pretrial." GCR 1963, 301.7 as it read following amendment of November 11, 1966. See, also, Wayne County Circuit Court Rule 12.7.