ARKIN DISTRIBUTING COMPANY v THE AMERICAN
INSURANCE COMPANY

Docket No. 77-3679. Submitted June 15, 1978, at Detroit.—Decided
August 22, 1978. Leave to appeal applied for.

Arkin Distributing Company, Arkin A-OK Sales Corporation and
Arkin A-OK Products Company, corporations whose president
is Irwin Arkin, were insured against fire loss by The American
Insurance Company. A fire occurred at the place of business,
and when the parties were unable to agree on the amount of
loss, Arkin appointed an appraiser and demanded an appraisal
pursuant to the policy provisions. American neglected to pro-
ceed with appraisal, and Arkin and the corporations brought
an action against American requesting the court to appoint an
umpire and require American to proceed with the appraisal.
An umpire was appointed, an appraisal was made, and the
plaintiffs moved for summary judgment on the appraisal
award. The Oakland Circuit Court, James S. Thorburn, J.,
entered a judgment confirming the award and granting interest
from 30 days after the date of the fire. Defendant insurer
appeals, alleging that the appraisal award was not sufficiently
itemized, that the court erroneously denied the defendant a
determination of an alleged under-reporting penalty, and that
the interest should run only from the date of filing of the
complaint. *Held:*

1. The appraisal award used the same categories of losses as
those contained in the insurance policy for determining the
amount of premium, and on the facts of this case this was a
sufficient itemization of the losses.

2. The trial court properly ruled that the defendant had
waived its right to exact the under-reporting penalty by failing

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1707, 1719, 1720.
Insurance necessity and sufficiency of notice of and hearing in
proceedings before appraisers and arbitrators appointed to deter-
mine amount of loss. 25 ALR3d 680.

[2] 44 Am Jur 2d, Insurance § 1906.
[3] 44 Am Jur 2d, Insurance § 1719.
[4] 44 Am Jur 2d, Insurance §§ 1654, 1655.

to raise the issue before the court either during the appraisal proceeding or before the final appraisal award was rendered and plaintiffs had moved for judgment on the award.

3. The award of interest starting 30 days after the fire was erroneous. Interest is controlled by the statute providing for interest on a money judgment from the date of filing the complaint.

Affirmed in part, reversed in part.

1. INSURANCE—FIRE INSURANCE—APPRAISAL OF LOSS—ITEMIZATION OF APPRAISAL AWARD.

An umpire in a fire insurance appraisal dispute sufficiently itemized the elements of the loss where the appraisal award was presented after extensive hearings and where the award used the same catagories as those contained in the policy of insurance for setting the amount of premium.

2. INSURANCE—FIRE INSURANCE—UNDER-REPORTING PENALTY— WAIVER—APPEAL AND ERROR.

A trial court did not err in ruling that an insurer had waived its right to exact an under-reporting penalty against an insured who had suffered a fire loss where, upon learning of the possibility of its claim to the penalty and knowing that the appraisal award would not be sufficiently itemized to calculate the penalty, the insurer failed to move the trial court for an order directing the umpire to so itemize the award until after the appraisal was complete, the award was rendered and the insured had moved for judgment on the award; the lack of timely presentation of the issue to the trial court also precludes appeal on the issue.

3. INSURANCE—APPRAISAL AWARD—IMPEACHMENT OF AWARD.

An appraisal award in an insurance loss case may be impeached for improper conduct or unfair means employed by the successful party.

4. INTEREST—INTEREST ON JUDGMENT—PRE-COMPLAINT INTEREST— STATUTES.

A trial court erred in awarding interest on a judgment to an insured based upon a statute requiring losses under fire insurance policies to be paid within 30 days; the statute which controls, where the insurance policy does not expressly provide for interest, is the statute specifically dealing with interest on a money judgment, which provides that interest is payable from the date of filing the complaint (MCL 500.2836[2], 600.6013; MSA 24.12836[2], 27A.6013).

*Barris, Sott, Denn & Driker* (by *Donald E. Barris* and *Stephen E. Glazek),* for plaintiffs.

*Denenberg, Tuffley & Thorpe,* for defendant.

Before: N. J. KAUFMAN, P. J., and BEASLEY and P. R. MAHINSKE,* JJ.

BEASLEY, J. Plaintiffs-appellees are engaged in the wholesale sale and distribution of children's toys, pet supplies and various related products normally sold in supermarkets. On August 28, 1976, a fire occurred at plaintiffs' place of business causing substantial damage to the building, inventory, furniture, fixtures and equipment, and causing an interruption in plaintiffs' business.

At the date of the fire, defendant-appellant insured plaintiffs against loss due to fire and other covered perils under a Michigan standard fire insurance policy. When the parties were unable to agree on the dollar amount of loss, on October 28, 1976, plaintiffs advised defendant they had appointed an appraiser and demanded an appraisal pursuant to the fire insurance policy.

Defendant neglected to appoint an appraiser and to proceed with an appraisal, apparently claiming they were still counting and inventorying the damage.

Since defendant had neither made payment nor proceeded with appraisal, plaintiffs started this proceeding requesting appointment of an umpire and requiring defendant to proceed with the appraisal required under the insurance policy.

After oral argument, on January 5, 1977, the trial judge ruled from the bench:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"THE COURT: The Court is of this opinion: First, that it has taken too long to determine whether the loss is going to be paid or what the figure is that will be paid. The whole purpose of the policy and the reason that a fire insurance company is licensed is to grease the wheels of commerce so when there is a loss that commerce will continue. So the Court is of the opinion that it is not a premature request, and makes that as a finding based on the pleadings."

He then granted the request for an appraisal and appointed an umpire.

After meetings to establish a procedure, seven full days of hearings were held at the loss site. Both sides offered proofs, the umpire hearing 28 witnesses, considering various expert reports and details.

On July 26, 1977, the umpire and the two appraisers met. The umpire and plaintiffs' appraiser made what was described as a "Partial Appraisal Award" as follows:

"This is to certify that we, the undersigned umpire and appraisers, have carefully examined the evidence at 43100 Nine Mile Rd., Novi, Michigan, resulting from the fire of August 28, 1976, in accordance with our appointment as umpire and appraisers, and have determined the actual cash value and loss and damage relative to the building and contents as follows:

|  | Value | Loss |
|---|---|---|
| Building | $1,000,000.00 | $171,000.00 |
| Contents—Stock | 1,149,000.00 | 610,000.00 |
| Contents—Furniture, Fixtures, Machinery and Equipment | 120,000.00 | 31,000.00" |

"This award, determined and executed this 26 day of July, 1977, at Southfield, Michigan."

The document was signed by the umpire and the plaintiffs' appraiser.

After plaintiffs filed a motion for partial summary judgment, defendant filed an answer and each filed briefs and made oral argument on August 19, 1977. The trial court awarded judgment of $812,000, confirming the award and fixing interest at five percent starting 30 days after the fire and at six percent from the date of filing the complaint. Credit was given for advance payment.[1]

Defendant appeals as of right, claiming four bases for reversal.

Appellant first attacks denial by the trial court of its motion to set aside or modify the appraisal. Appellant claims that its appraiser requested the umpire to "itemize" the appraisal award by furnishing a separate appraisal of each item in dispute and that refusal by the umpire to do so was in violation of the court's order appointing him.

The court's order stated that appointment was made pursuant to the appraisal provision of the insurance policy and that the loss should be appraised pursuant to the insurance policy provisions.

Appellee argues that the only "itemization" required by the insurance policy is according to the various items of coverage indicated in the insurance policy.

The insurance policy provided:

"The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss."[2]

---

[1] Defendant made an advance payment of $400,000 on February 23, 1977, and a payment subsequent to the September 6, 1977, judgment of $168,000.

[2] MCL 500.2832; MSA 24.12832, lines 132–137.

The appraisal panel used the same categories as are contained in the policy for setting the amount of premium, as follows:

| "                                          | Value          | Loss         |
| ------------------------------------------ | -------------- | ------------ |
| Building                                   | $1,000,000.00  | $171,000.00  |
| Contents—Stock                             | 1,149,000.00   | 610,000.00   |
| Contents—Furniture, Fixtures, Machinery and Equipment | 120,000.00 | 31,000.00"  |

The word "item" is not defined in the insurance policy. The cases appear to support appellees' position.[3]

In *Phoenix Assurance,* for instance, the plaintiff insurer brought a declaratory judgment action to establish the invalidity of an arbitration award of $38,500 made upon a fire loss at the home of defendant, and to fix the amount of plaintiff's liability on its policy for such loss. The award was approved by the trial court, which also assessed a penalty for vexatious delay and awarded attorneys' fees. Plaintiff appealed, claiming as one ground for reversal that the award was invalid because it was not properly itemized.

The appellate court rejected plaintiff's claim, and stated:

"We agree with Judge Meredith that the award made upon the form provided by the plaintiff complies with the policy provisions and with the arbitration agreement signed by the parties which requires separately showing actual cash value and loss on each item. We

---

[3] *Commercial Union Ins Co v Ryals,* 355 So 2d 684 (Ala, 1978), *Phoenix Assurance Co of New York v Singer,* 221 F Supp 890 (ED Mo 1963), *aff'd* 331 F2d 10 (CA8, 1964), *Andrews v Empire Co-Operative Fire Ins Co,* 197 Misc 387; 87 NYS2d 629 (1949), *rev'd,* 276 App Div 447; 95 NYS2d 514 (1950) (on grounds that there was no "meeting of minds" as to what the loss was), *McQuaid Market House Co v Home Ins Co* 147 Minn 254; 180 NW 97 (1920).

agree that the word 'item' refers to items as listed in the policy and not to a detailed specification of all of the minute elements of damage giving rise to the total damage with respect to each item listed on the policy."[4]

In *Commercial Union Ins Co,* the court was faced with a similar issue and quoted *Phoenix Assurance* with approval[5] in holding that where insurance policy coverage provisions refer to a "building" it is not necessary to separately appraise the actual cash value of each component part of the building. The *Andrews* case also involved fire loss to a building. Again, the court held that it was not necessary to divide the building into its component parts for appraisal purposes.

The form of appraisement of loss was also brought under attack in the *McQuaid* case. In answering appellants' objections in that case, the court stated:

"It is well settled, in the absence of statute otherwise providing, that in the common-law arbitration the arbitrators need not specify in detail the facts made the basis of their decision, but may report the result of their deliberations in the form of general conclusions, which determine the points involved, together with a statement of the gross allowance made."[6]

In *Davis v National American Ins Co,*[7] this Court held that an insurance policy provision similar to the subject appraisal provision constituted a common law arbitration agreement.

Appellant in the instant case contends that the above-cited building cases are inapplicable to the

---

[4] 331 F2d at 12.

[5] 355 So 2d at 687.

[6] 147 Minn at 257; 180 NW at 98.

[7] 78 Mich App 225; 259 NW2d 433 (1977).

itemization issue here involved in that they "merely reiterate the principle that buildings cannot be appraised by breaking the structure into its component parts". Appellant further asserts:

"It should be noted that the Defendant-Appellant did not request the umpire to list the value of and amount of loss to each of the thousands of toys involved in the loss. What its appraiser did request was an itemization of the major disputed areas of the building loss and a breakdown and brief explanation of the contents loss so that it could determine whether or not there were improper calculations or duplications and so that it could determine the amount of the reporting-penalty as hereinafter discussed."

"Although this precise issue has not been decided in Michigan, courts in other jurisdictions have held that an umpire's failure to itemize voids the award."

The cases cited by appellant do not support appellant's conclusion.[8] We also decline to limit the holding of the building cases as suggested by appellant.

On the record before us, we decline to find error in the method and form utilized by the umpire. Following an apparently painstaking process of investigation, as evidenced by seven full days of hearings at the loss site and the taking of testimony of some 28 witnesses, including various expert reports and details, an appraisal award was presented. The award used the same categories as those contained in the policy of insurance. We hold that no further itemization was necessary. In

---

[8] Appellant cites *Palma v Watson Surplus Lines Agency,* 148 Cal App 2d 879; 307 P2d 689 (1957), *Mizrahi v National Ben Franklin Fire Ins Co,* 37 NYS2d 698 (1942), *Schmitt Bros v Boston Ins Co,* 82 App Div 234; 81 NYS 767 (1903), *Coffin v German Fire Ins Co,* 142 Mo App 295; 126 SW 253 (1910), and *Riddell v Rochester German Ins Co,* 36 RI 240; 89 A 833 (1914). A careful review of the cases cited convinces us that none of them is controlling authority in the instant case.

fact, appellant's disagreement seems to be more with the figure reached by the umpire than with the method utilized by the umpire in reaching that figure.

Second, appellant claims the trial court erred in denying it determination of an alleged "under-reporting" penalty. As a basis for ruling, the trial court found that defendant waived its right to assert the under-reporting penalty by failing to raise the issue before the court earlier. The record indicates that defendant did not raise any question concerning alleged under-reporting during the two years before the fire. Furthermore, defendant did not raise the issue of an under-reporting penalty during the appraisal proceeding nor before the final appraisal award was rendered and plaintiffs had moved for judgment on it.

Defendant claimed that the provisions of the insurance policy relating to an under-reporting penalty constitute an additional reason to require "itemizing" of the appraisal award. It is defendant's position that defendant was not able to raise the question of an under-reporting penalty unless and until an itemized appraisal award was made showing the individual items concerning which an under-reporting issue might be raised. We believe that, in order for defendant to raise this issue on appeal, it was incumbent upon defendant to timely present this legal issue to the trial court by moving for an order directing the umpire to so itemize the award. In *Thermo-Plastics R & D, Inc v General Accident Fire & Life Assurance Corp, Ltd,* 42 Mich App 418, 422; 202 NW2d 703 (1972), this Court said:

"The appraisal procedure as a substitute for judicial determination of a dispute concerning the amount of a loss is legislatively prescribed in the standard fire insur-

ance policy, the terms of which are mandatory under the Michigan Insurance Code. The Michigan Supreme Court has described this appraisal procedure as 'a simple and inexpensive method for the prompt adjustment and settlement of claims'." (Footnotes omitted.)

Dilatoriness on the part of the insurer defeats the purpose of the appraisal clause and often causes extreme hardship to the insured. See, *Shapiro v Patrons' Mutual Fire Ins Co,* 219 Mich 581; 189 NW 202 (1922). Here, it is apparent that defendant learned during the appraisal proceeding that it might have an arguable claim to an under-reporting penalty, and, thus, knew or could have easily learned that the award would not be sufficiently itemized to allow calculation of the penalty. Yet, with such knowledge, defendant did not promptly move the trial court for an appropriate order, but rather waited until the appraisal was complete, the award was rendered and plaintiffs had moved for judgment on the award. On these facts, we do not believe that the trial court erred in ruling that defendant had waived its right to exact the penalty by failing to timely raise the issue.

Appellant next contends that plaintiffs' counsel and appraiser wrongfully attempted to influence the umpire, thereby requiring the award be vacated. An award may be impeached for improper conduct or unfair means employed by the successful party.[9] A review of the record convinces us that no such grounds for impeachment lie in the instant case. We decline to hold that the conduct complained of by appellant requires that the award be vacated.

Finally, appellant contends that the trial court

[9] 14 Couch on Insurance 2d, § 50:274, pp 490–491.

erred in awarding appellees pre-complaint interest.

MCL 500.2836(2); MSA 24.12836(2) provides:

"All losses under any fire insurance policy shall be paid within 30 days, the provisions of any contract or statute to the contrary notwithstanding."

Based on that provision, the trial court ordered the payment of interest to plaintiffs commencing at a time 30 days after the date of the loss and running to the date of the filing of plaintiffs' complaint. In so doing, the court found that the provision above-quoted superseded the provision of MCL 500.2832; MSA 24.12832, which states in pertinent part:

"The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided."

An additional pertinent statutory provision is found in MCL 600.6013; MSA 27A.6013, which states in part:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year * * * ."

In deciding a somewhat related issue in *Linford Lounge, Inc v Michigan Basic Property Ins Ass'n,* 77 Mich App 710, 713–714; 259 NW2d 201 (1977), this Court stated:

"Defendant also contends that the trial court erred in awarding plaintiff interest on the judgment from the date of filing the complaint as provided by MCLA 600.6013; MSA 27A.6013. Defendant argues that as the statutory policy provides that the loss is payable 60 days after an appraisal award, the court is not required to award interest on the judgment from the date of filing the complaint, but only from 60 days after the award.

"The standard policy does not specify the date from which interest on a judgment is payable. MCLA 600.6013; MSA 27A.6013, however, specifically states that interest shall be paid on a money judgment in any civil action from the date of filing the complaint. Obviously, a specific statute providing for interest controls a more general statute which specifies only when a loss is payable.

"This Court has held that MCLA 600.6013; MSA 27A.6013 controls an award of interest on a money judgment in a civil action, even though there is an express provision in the insurance policy providing for interest from the date of the judgment. *Cates v Moyses*, 57 Mich App 405; 226 NW2d 106 (1975), *Cosby v Pool*, 36 Mich App 571; 194 NW2d 142 (1971). *A fortiori*, MCLA 600.6013; MSA 27A.6013 should control the interest award in the instant case where the insurance policy does *not* expressly provide for interest."

We hold that *Linford Lounge, Inc* is controlling in the instant case and that the trial court erred in granting pre-complaint interest to plaintiffs. That portion of the trial court's judgment granting pre-complaint interest to plaintiffs is vacated. The remainder is affirmed.

Affirmed in part; reversed in part.