KRIM v COMMERCIAL UNION ASSURANCE COMPANY

Docket No. 44510. Submitted November 19, 1979, at Detroit.—Decided January 3, 1980. Leave to appeal applied for.

Plaintiffs, Leonard Krim, Mac Krim and Sol Krim, doing business as Farmington Cinemas and 96 Grand Corporation, owned a motion picture theater which was damaged by fire in January, 1977. The building was insured by Commercial Union Assurance Company against fire losses. Plaintiffs' proofs of loss as to the building, its contents and business interruption were rejected by the insurer as excessive. Subsequent negotiations resulted in the settlement of one claim in October, 1977. Appraisal procedures provided for in the policy were conducted as to the other claims. Appraisal awards were entered in June, 1978. The settlement and appraisal awards were all for amounts less than originally claimed by plaintiffs. Defendant made payment within 30 days of the settlement and within 30 days of the appraisal awards. Subsequently, the plaintiffs brought an action against the insurer in Oakland Circuit Court seeking interest on all amounts paid by the defendant. Gene Schnelz, J., entered summary judgment in favor of the defendant. Plaintiffs appeal. *Held:*

When the parties settle a good faith dispute over the amount of liability on a fire insurance claim through negotiation or resort to appraisal procedures provided for under a policy, interest is not available to the insured if the insurer pays the claim within 30 days of the ascertainment of the loss. In this case the defendant properly made payment within 30 days of the dates of ascertainment of the dollar amounts of the loss on each claim.

Affirmed.

1. STATUTES — CONFLICTING STATUTES — STATUTORY CONSTRUCTION.
  Statutes which are in apparent conflict should be construed, if possible, to give each full force and effect.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16A Am Jur 2d, Constitutional Law § 862.
  73 Am Jur 2d, Statutes §§ 253, 254.
[2, 3] 44 Am Jur 2d, Insurance § 1655.

2. INSURANCE — FIRE INSURANCE — DISPUTED LIABILITY — INTEREST — APPRAISAL PROCEDURES — STATUTES.

> Interest is not available to an insured where the insured and an insurer settle a good faith dispute over the amount of liability on a fire insurance claim through negotiation or resort to appraisal procedures provided for under the insurance policy if the insurer pays the claim within 30 days of the ascertainment of the loss (MCL 500.2836[2]; MSA 24.12836[2]).

3. INSURANCE — FIRE INSURANCE — APPRAISAL PROCEDURES.

> Complying with appraisal procedures provided for in a fire insurance policy is a prerequisite to any court action to determine the insurer's liability where the amount of liability for the insured's loss is in dispute.

*Honigman, Miller, Swartz, & Cohn* (by *Peter M. Alter* and *Karen S. Spector*), for plaintiffs.

*Stephen M. Wittenberg, P.C.,* for defendant.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

M. J. KELLY, J. Plaintiffs' motion picture theater was insured by defendant against fire losses under a Michigan standard policy, MCL 500.2832; MSA 24.12832. On January 13, 1977, a fire damaged plaintiffs' building and contents and interrupted their business. Plaintiffs filed proofs of loss which were rejected by defendant as excessive. Negotiations between the parties resulted in settlement of one claim on October 5, 1977, and appraisal procedures provided for in the policy were conducted as to the other claims. The appraisal awards were entered on June 29, 1978. The settlement and appraisal awards were all for amounts less than originally claimed by plaintiffs. In each case defendant made payment within 30 days.

Plaintiffs brought an action seeking interest on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

all amounts paid by defendant, commencing 30 days after the fire. The court denied plaintiffs' motion for summary judgment under GCR 1963, 117, and entered summary judgment for defendant. Plaintiffs appeal.

Plaintiffs contend that payment by defendant was required within 30 days of the occurrence of the loss (the fire) under MCL 500.2836(2); MSA 24.12836(2) which states:

"All losses under any fire insurance policy shall be paid within 30 days, the provisions of any contract or statute to the contrary notwithstanding."

The policy issued by defendant contained lines 150-156 of the Michigan standard policy, which provide:

"When loss payable.

"The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided." MCL 500.2832; MSA 24.12832.

We reject plaintiff's argument that the former statutory provisions totally displace lines 150-156. We are not presented here with a later statute repealing an earlier one by implication, since both provisions were enacted by the Legislature on the same day with identical effective dates. It is true that § 2836(2), as a special act, must necessarily prevail over § 2832, viewed as a general provision, because we must presume that the Legislature did not intend conflict. Thus, the 30-day time provision is controlling here. *Reed v Secretary of State*, 327

Mich 108; 41 NW2d 491 (1950). It is an equally important principle of statutory construction that "apparently conflicting statutes should be construed, if possible, to give each full force and effect". *State Highway Comm'r v Detroit City Controller,* 331 Mich 337, 358; 49 NW2d 318 (1951). Application of these canons of construction leads to the conclusion that, there being no inconsistency between the two provisions other than the time limitation, defendant properly made payment within 30 days of the dates of ascertainment of the dollar amount of the loss on each claim, based upon agreement of the parties or appraisers' awards.

We also hold that when the parties settle a good faith dispute over the amount of liability on a fire insurance claim through negotiation or resort to appraisal procedures provided for under the policy, interest is not available to the insured if the insurer pays the claim within 30 days of the ascertainment of the loss.

Contrary to plaintiffs' position, denial of interest payments does not constitute a penalty for complying with appraisal procedures instead of triggering interest by filing a complaint in circuit court. Such proceedings are a prerequisite to any court action. *Thermo-Plastics R & D, Inc v General Accident Fire & Life Assurance Corp, Ltd,* 42 Mich App 418; 202 NW2d 703 (1972). It is only when a breakdown in negotiations or a failure to comply with the findings of the panel of appraisers necessitates a lawsuit that the insured is entitled to interest as compensation for delay. It is only during the interim period of postponement of payment due that plaintiff is denied use of the funds wrongfully held by the insurer. See *Banish v City of Hamtramck,* 9 Mich App 381; 157 NW2d 445 (1968). This conclu-

sion is based on the mandatory character of the appraisal proceeding and precedent where this Court has previously held that any interest payments became due as of the date of filing the complaint. MCL 600.6013; MSA 27A.6013, *Arkin Distributing Co v The American Ins Co,* 85 Mich App 359, 370; 271 NW2d 430 (1978), *lv den* 405 Mich 841 (1979). Justice would be poorly served if we required an insurer who acts in good faith compliance with appraisal proceedings to pay interest from the date of loss when, as in *Arkin,* an insurer who fails to comply must only pay interest from the date of filing of the complaint.

Affirmed.