AMERICAN AUTOMOBILE INSURANCE COMPANY v KEVRESON

Docket No. 66424. Submitted October 4, 1983, at Detroit.—Decided February 6, 1984.

Plaintiff, American Automobile Insurance Company, agreed to provide fire loss protection for the retail store of defendants, Milton and Carolyn Kevreson, doing business as Uptown Radio Company, pursuant to a standard fire insurance policy. Following two fires at the store, defendants filed proofs of loss with plaintiff but the parties were unable to agree on the dollar amount of defendants' combined losses. Defendants' initial claim was for approximately $73,000, however, following the implementation of the appraisal procedures provided for in the policy, an umpire appointed by the Wayne Circuit Court entered an award of $26,903.26 for the defendants. One month and one week after entry of the appraisal award, plaintiff filed an amended complaint in the Wayne Circuit Court alleging that the appraisal had been overvalued due to misrepresentations and false statements made by the defendants during the appraisal proceedings and that such fraudulent actions were not apparent until sometime during those proceedings. Plaintiff sought a declaratory judgment holding the insurance policy void for fraud. The trial court granted the defendants a summary judgment finding no genuine issue of material fact as to whether the insurance policy was void for misrepresentation, fraud, and false swearing by the defendants. Plaintiff appealed to the Court of Appeals which, in an unpublished per curiam opinion decided October 8, 1981, Docket No. 48879, found that the trial court erred in finding no genuine issue of material fact, reversed the trial court's order of summary judgment and remanded. On remand, defendants again moved for a summary judgment on the ground that plaintiff had waived its right to assert a claim of fraudulent misrepresentation of losses because it had failed to raise it within the appropriate time. The trial court, John M. Wise, J., granted a summary judgment after finding that the Insurance Code requires an insurer to raise all

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance § 1772.
[2, 3] 43 Am Jur 2d, Insurance § 1012.

liability defenses within 30 days following the entry of an appraisal award. Plaintiff appeals from the order granting the summary judgment. *Held:*

1. The provision of the Insurance Code relied upon by the trial court, § 2836(2), requires payment within 30 days only where there is no bona fide dispute over the insurer's liability. The phrase in the statute "losses under any fire insurance policy" actually excludes the losses involved here since, assuming the allegations in plaintiff's complaint to be true, the policy would be void due to the defendants' wilful misrepresentations of material facts. If the policy is void the losses do not come within the policy and the 30-day provision is inapplicable.

2. The provision of the Insurance Code requiring the insurer to pay within 30 days, § 2836(2), requires such payment within 30 days after ascertainment of the loss. An appraisal award does not constitute such ascertainment of loss under the statute since the appraisal process does not resolve any question of liability of the insurer.

3. Section 2836(2) of the Insurance Code is not a statute of limitations on an insurer's right to pursue in good faith a liability defense of fraud.

Reversed.

1. INSURANCE — PAYMENT TO INSURED — 30-DAY LIMITATION.

The provision of the Insurance Code requiring "losses under any fire insurance policy" to be paid within 30 days requires such payment within 30 days only where there is no bona fide dispute over the insurer's liability; the 30-day provision is inapplicable where the policy involved is void since the losses obviously do not come within a void policy (MCL 500.2836[2]; MSA 24.12836[2]).

2. INSURANCE — STANDARD POLICY — VOID POLICIES — WILFUL MISREPRESENTATIONS.

Michigan's standard fire insurance policy provides that the policy shall be void if the insured wilfully misrepresents any material fact (MCL 500.2832; MSA 24.12832).

3. INSURANCE — PAYMENT TO INSURED — ASCERTAINMENT OF LOSS — 30-DAY LIMITATION — FRAUD.

The provision of the Insurance Code requiring "losses under any fire insurance policy" to be paid within 30 days requires payment by the insurer within 30 days after ascertainment of the loss; an appraisal award entered by a court-appointed umpire does not constitute ascertainment of the loss under the statute; the statutory provision does not constitute a statute of limita-

tions on an insurer's right to pursue in good faith a liability defense of fraud (MCL 500.2836[2]; MSA 24.12836[2]).

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Charles R. Tuffley* and *Susan Tukel),* for plaintiff.

Before: M. J. KELLY, P.J., and HOOD and SHEP-HERD, JJ.

M. J. KELLY, P.J. Plaintiff appeals as of right from an order of summary judgment in favor of defendants.

Plaintiff and defendants are parties to a Michigan standard fire insurance policy, MCL 500.2832; MSA 24.12832, whereby plaintiff agreed to provide fire loss protection for defendants' retail store located in Highland Park, Michigan. Two fires occurred at the store, one on December 1, 1977, and another on April 1, 1978. Defendants filed proofs of loss with plaintiff but the parties were unable to agree on the dollar amount of defendants' combined losses. Following the implementation of the appraisal procedures provided for in the policy, a court-appointed umpire entered an award of $26,903.26. Defendants' initial claim had been for approximately $73,000.

One month and one week after entry of the appraisal award, plaintiff filed an amended complaint in circuit court alleging that the appraisal had been overvalued due to misrepresentations and false statements made by the defendants during the appraisal proceedings. Plaintiff further contended that defendants' allegedly fraudulent actions did not become apparent to plaintiff until sometime during those proceedings. Plaintiff sought a declaratory judgment holding the insurance policy void for fraud pursuant to the following standard policy provision:

"This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto." MCL 500.2832; MSA 24.12832.

This case is before us for the second time. In an unpublished per curiam opinion, *American Automobile Ins Co v Kevreson* (Docket No. 48879, decided October 8, 1981), we reversed an order of summary judgment in favor of the defendants on the ground that the trial court had erred in finding no genuine issue of material fact as to whether the insurance policy is void for misrepresentation, fraud, and false swearing on the part of the defendants regarding the value of their losses. On remand, defendants, prompted by certain language in our earlier opinion,[1] again moved for summary judgment, this time on the ground that plaintiff had waived its right to assert a claim of fraudulent misrepresentation of losses because it had failed to raise it within the appropriate time.

Specifically, defendants argued and the trial court held that MCL 500.2836(2); MSA 24.12836(2) requires an insurer to raise all liability defenses within 30 days following entry of an appraisal award. We, however, cannot agree. MCL 500.2836(2); MSA 24.12836(2) provides:

"Except as otherwise provided in section 2845, losses under any fire insurance policy shall be paid within 30 days, notwithstanding the provisions of any contract or statute to the contrary."

---

[1] In our earlier decision, we noted that "[w]hile there may well be some outside limit to the time in which an insurer may raise its policy defenses, that question is not now before us.

We read this provision as requiring payment within 30 days only where there is no bona fide dispute over the insurer's liability. The phrase "losses under any fire insurance policy" actually excludes the loss involved here. Assuming the allegations contained in the plaintiff's complaint to be true, as we must under a motion for summary judgment, *Blurton v Bloomfield Hills Bd of Ed,* 60 Mich App 741; 231 NW2d 535 (1975), the policy would be void due to the defendants' wilful misrepresentations of material fact. MCL 500.2832; MSA 24.12832. If the policy is void the losses obviously do not come within the policy and the 30-day provision is inapplicable.

Moreover, this Court has construed MCL 500.2836(2); MSA 24.12836(2) to require payment by the insurer within 30 days after "ascertainment of loss". *Krim v Commercial Union Assurance Co,* 94 Mich App 639, 642; 288 NW2d 463 (1980), *lv den* 409 Mich 875 (1980). Since the appraisal process does not resolve any question of liability of an insurer but merely resolves the amount of losses suffered by the insured, we cannot conclude that an appraisal award constitutes "ascertainment of loss" under the statute. We thus decline to construe MCL 500.2836(2); MSA 24.12836(2) as a statute of limitations on an insurer's right to pursue in good faith a liability defense of fraud.

Reversed.