LINFORD LOUNGE, INC. v MICHIGAN BASIC PROPERTY
INSURANCE ASSOCIATION

1. INSURANCE—FIRE INSURANCE—STANDARD POLICY—APPRAISERS—IN-
   TERESTED PARTY—COMPUTATION OF DAMAGES—STATUTES.

   An appraiser who has been selected under the provisions of the
   Michigan Standard Fire Insurance Policy by one of the parties
   involved in a dispute as to the amount of loss an insured
   suffered in a fire covered by a fire insurance policy is not
   necessarily an "interested" party just because he was once
   under contract with that party to adjust the loss; similarly, the
   fact that an appraiser appointed by an insured has previously
   made a computation of loss does not automatically disqualify
   the appraiser, absent a showing of prejudicial misconduct
   (MCLA 500.2832; MSA 24.12832.)

2. STATUTES—SPECIFIC STATUTES—CIVIL SUITS—JUDGMENT—INTEREST
   AWARDS—INSURANCE—FIRE INSURANCE—INSURANCE CON-
   TRACTS.

   A specific statute providing for interest from the date of filing of
   the complaint on a judgment awarding damages in a civil suit
   controls a more general statute which specifies only the time
   when a loss is payable; therefore, a trial court was correct in
   awarding a plaintiff in an action to recover damages under a
   fire insurance contract interest from the date of the filing of
   the complaint where the insurance policy did not expressly
   provide for the payment of interest (MCLA 500.2832, 600.6013;
   MSA 24.12832, 27A.6013).

Appeal from Wayne, Joseph B. Sullivan, J. Sub-
mitted June 9, 1977, at Detroit. (Docket No.
28816.) Decided August 23, 1977. Leave to appeal
applied for.

Complaint by Linford Lounge, Inc., against

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1715–1718.
[2] 44 Am Jur 2d, Insurance §§ 1654, 1655.

Michigan Basic Property Insurance Association for the appointment of an umpire and an appraisal under an insurance contract and for recovery of damages under the contract. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Bacalis & Associates, P. C.* (by *James C. Klemanski),* for plaintiff.

*Denenberg, Tuffley & Thorpe* (by *John C. Patrick, Jr.),* for defendant.

Before: J. H. Gillis, P. J., and Bronson and R. E. Robinson,* JJ.

Per Curiam. This is an appeal from a summary judgment on an appraisal award of $47,000. The trial court also awarded plaintiff interest from the date of filing its complaint. Defendant appeals as of right.

On April 26, 1975, a fire occurred at plaintiff's building, which was insured by defendant insurance company. Two days later, on April 28, 1975, Joseph Cohen, on behalf of Linford Lounge, Inc., contracted with Mr. Harry Kramer, a licensed public adjuster, to adjust plaintiff's claim. Mr. Kramer's fee was to be 7% of the amount paid by defendant on the claim. As an adjuster, Mr. Kramer visited the building and prepared a written estimate of loss. This statement of loss was rejected by defendant. Plaintiff then demanded appraisal pursuant to its insurance contract with defendant, but this request was rejected by defendant on the basis that the appraiser appointed by plaintiff, Harry Kramer, was not "disinterested" as required by the Michigan Standard Fire Insur-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ance Policy, MCLA 500.2832; MSA 24.12832.[1] The contract between Mr. Kramer and Linford Lounge was canceled before or at the time he was appointed as plaintiff's appraiser. Following defendant's rejection of the demand for appraisal, plaintiff filed a complaint for appointment of an umpire and appraisal as provided in the Standard Policy. An umpire was appointed and, after investigation, he issued an opinion finding that the amount of the loss exceeded the policy limit of $47,000.[2] Mr. Kramer joined in this decision; defendant's appraiser did not.[3] The trial court refused to set aside the award on defendant's motion and awarded plaintiff summary judgment for $47,000 plus interest from the date of filing the complaint.[4]

Defendant first contends that Mr. Kramer was not a "disinterested" appraiser within the meaning of the statutory policy, by reason of his prior contract[5] with plaintiff to adjust the loss, and that

---

[1] The relevant part of MCLA 500.2832; MSA 24.12832 provides:

"In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, *each shall select a competent and disinterested appraiser* and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally." (Emphasis added.)

[2] The umpire found the value of the loss to be $42,856.12 for the building and $8,561 for the contents.

[3] There is no record of the amount at which defendant's appointee appraised the loss.

[4] Plaintiff had amended its complaint for an umpire and appraisal by leave to include a breach of contract count based on defendant's refusal to pay the appraisal award.

[5] Defendant does not dispute that Mr. Kramer's contract to adjust

the trial court therefore erred in granting summary judgment on that award.

The general requirement that appraisers be "fair, impartial and disinterested" was stated in *Northern Assurance Co, Ltd, of London v Melinsky,* 237 Mich 665; 213 NW 70 (1927). Significantly, that case held that an appraiser is not necessarily "interested" if he has previously acted as an appraiser for a party. In the instant case, Mr. Kramer submitted an estimate of loss while under contract with plaintiff as an adjuster. This was the first business relationship plaintiff had had with Mr. Kramer. We hold that the instant case is within the rule stated in *Melinsky:* An appraiser is not necessarily "interested" because he was once under contract with a party to adjust the loss. Similarly, the fact that an appraiser appointed by an insured has previously made a computation of the loss does not automatically disqualify the appraiser, absent a showing of prejudicial misconduct. 44 Am Jur 2d, Insurance, § 1716, p 628. Therefore, the trial court did not err in refusing to set aside the appraisal award. As there was no showing of prejudicial misconduct, the trial court was correct in finding that Mr. Kramer was a "competent and disinterested appraiser", as required by the statutory policy.

Defendant also contends that the trial court erred in awarding plaintiff interest on the judgment from the date of filing the complaint as provided by MCLA 600.6013; MSA 27A.6013.[6] Defendant argues that as the statutory policy pro-

---

the loss was canceled before or at the time he was appointed as plaintiff's appraiser.

[6] "Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed."

vides that the loss is payable 60 days after an appraisal award,[7] the court is not required to award interest on the judgment from the date of filing the complaint, but only from 60 days after the award.

The standard policy does not specify the date from which interest on a judgment is payable. MCLA 600.6013; MSA 27A.6013, however, specifically states that interest shall be paid on a money judgment in any civil action from the date of filing the complaint. Obviously, a specific statute providing for interest controls a more general statute which specifies only when a loss is payable.

This Court has held that MCLA 600.6013; MSA 27A.6013 controls an award of interest on a money judgment in a civil action, even though there is an express provision in the insurance policy providing for interest from the date of judgment. *Cates v Moyses,* 57 Mich App 405; 226 NW2d 106 (1975), *Cosby v Pool,* 36 Mich App 571; 194 NW2d 142 (1971). *A fortiori,* MCLA 600.6013; MSA 27A.6013 should control the interest award in the instant case where the insurance policy does *not* expressly provide for interest.

The summary judgment for plaintiff is affirmed. Costs to plaintiff.

---

[7] *But see* MCLA 500.2836(2); MSA 24.12836(2):

"All losses under any fire insurance policy shall be paid within 30 days, the provisions of any contract or statute to the contrary notwithstanding."