O J ENTERPRISES, INC v INSURANCE COMPANY OF NORTH
AMERICA

Docket No. 44509. Submitted December 18, 1979, at Detroit.—Decided
March 18. 1980. Leave to appeal applied for.

A building owned by O. J. Enterprises, Inc. and insured by
Insurance Company of North America was destroyed by fire.
O. J. Enterprises submitted a proof of loss which the insurer
rejected as being unsubstantiated. O. J. Enterprises then sought
appraisal of the loss pursuant to the insurance policy and
brought an action against the insurer seeking payment of
benefits under the policy. The circuit court appointed an um-
pire-appraiser who made a determination of the amount of loss,
and the insurer paid that amount to the plaintiff within 60
days. A judgment was thereafter entered in the Oakland Cir-
cuit Court, Francis X. O'Brien, J., in the amount of the award,
plus 6 percent interest from the date of the commencement of
suit. Plaintiff appeals the denial of 12 percent interest and
defendant cross-appeals, alleging that no interest at all should
have been awarded. *Held:*

1. The statute which allows for an award of 12 percent
interest applies only where an insurer procrastinates in paying
a meritorious claim. Another statute allows an insurer 60 days
in which to pay a claim after ascertainment of the amount of
loss. In this case the defendant paid the award within 60 days
of the appraisal; therefore, the 12 percent interest provision
does not apply.

2. The award of 6 percent interest was not appropriate in
this case, where the insurer did not contest the amount of loss
as determined by the appraiser and paid the award within the
statutory period.

Affirmed in part, reversed in part.

1. INTEREST — INSURANCE — PENALTIES — STATUTES.

The statutory provision for payment of 12 percent interest by an
insurer which does not pay benefits to its insured in a timely

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance §§ 1600, 1797, 1798.
[2, 3] 44 Am Jur 2d, Insurance § 1798.

manner is a penalty which is to be assessed only against insurers which procrastinate in paying meritorious claims (MCL 500.2006[4]; MSA 24.12006[4]).

2. Insurance — Fire Insurance — Loss Payable — Statutes.

An insured loss under a Michigan standard fire insurance policy is payable, where the amount of the loss is reasonably disputed by the insurer and the insured and the matter is submitted to a court-appointed appraiser, up to 60 days after the appraiser's determination of the amount of loss, and the 12 percent interest penalty does not apply where payment is made within that 60 days (MCL 500.2006[4], 500.2832; MSA 24.12006[4], 24.14832).

3. Interest — Insurance — Appraiser's Award — Statutes.

An award of statutory interest is not appropriate in a case where an insurer did not contest the amount of a loss determined by a court-appointed appraiser so that judicial intervention was necessary to settle the award but acquiesced to the appraiser's decision and paid the full award within the statutory period for payment of such claims (MCL 600.6013; MSA 27A.6013).

*Bacalis & Associates, P.C.,* for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *Francis H. Porretta),* for defendant.

Before: D. C. Riley, P.J., and R. B. Burns and D. E. Holbrook, Jr., JJ.

D. C. Riley, P.J. Prior to January 3, 1978, defendant issued an insurance policy to plaintiff covering a building located in Farmington Hills, Michigan. On that date the building was substanially destroyed by fire. It had previously been insured for about $70,000 by the prior owner. Plaintiff purchased the building with the intention of adding $90,000 worth of improvements and, therefore, insured the premises for $160,000. At the time of the fire, however, no improvements had been made.

On February 22, 1978, plaintiff submitted to

defendant a claimed proof of loss of $200,000. Defendant accepted this as a timely claim under the terms of the policy but expressly rejected the loss figure as unsubstantiated.

Defendant advanced plaintiff $26,000 on May 23, 1978. Within the next few days, plaintiff sought appraisal of the loss pursuant to the policy and brought suit in Oakland County, seeking benefits under the policy. The court appointed an umpire-appraiser in accordance with the Michigan Standard Fire Policy statute, MCL 500.2832; MSA 24.12832, who determined on November 14, 1978, that $88,796 was due plaintiff under the policy. On January 8, 1979, less than 60 days from the date of the appraisal award, defendant paid plaintiff $62,796, the amount of the award less the $26,000 advancement.

A judgment in the amount of $88,796 was entered by the Oakland County Circuit Court on March 21, 1979. The court also ordered defendant to pay plaintiff 6 per cent interest, pursuant to MCL 600.6013; MSA 27A.6013, on the $62,796 owed from the date of this suit's commencement. The court stated that plaintiff was not entitled to 12 per cent interest pursuant to MCL 500.2006; MSA 24.12006. Plaintiff appeals, contesting the denial of 12 per cent interest and defendant cross-appeals, challenging the granting of 6 per cent interest.

We will first address the denial of the 12 per cent interest. Under MCL 500.2006(4); MSA 24.12006(4), an insured is entitled to 12 per cent interest where an insurer does not timely pay benefits. The statute states:

"(4) When benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after *satisfactory proof of loss was received* by the

insurer at the rate of 12% [per cent] per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance." (Emphasis added.)

We believe that the 12 per cent interest statute was never triggered in this case because the proof of loss originally submitted was not "satisfactory", but was the subject of an appraisal dispute which was settled under the terms of the Michigan Standard Fire Policy statute, MCL 500.2832; MSA 12832.

The 12 per cent interest rate is a penalty to be assessed only against insurers who procrastinate in paying meritorious claims. *Fletcher v Aetna Casualty & Surety Co,* 80 Mich App 439, 445; 264 NW2d 19 (1978). It is inconceivable that the Michigan Legislature in enacting the two statutes would have intended to penalize insurers for seeking settlement of a disputed claim through the appraisal process. We must conclude that when the amount of the loss is reasonably disputed by the insurer and the insured and the matter is submitted to a court-appointed appraiser, MCL 500.2006(4); MSA 24.12006(4) should be read in conjunction with MCL 500.2832; MSA 24.12832. This statute states under "when loss payable":

"The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided."

Therefore, insurers will be allowed up to 60 days from the date of the appraiser's award to pay awarded benefits to policy holders.

In the instant case, the appraisal of $88,796 was made on November 14, 1978. The defendant paid plaintiff the remainder of the sum owed on January 8, 1979, within the 60-day period, hence, the 12 per cent interest penalty was never triggered. It must be concluded that the trial judge correctly denied interest under MCL 500.2006(4); MSA 24.12006(4).

Defendant contends that the trial court erred in entering judgment in the amount of the appraisal award and in ordering that 6 per cent judgment interest, pursuant to MCL 600.6013; MSA 27A.6013, be paid on that award. We agree. This is not a case where the insurer contested the amount of loss determined by the appraiser so that judicial intervention is necessary to settle the award. See *Davis v National American Ins Co,* 78 Mich App 225; 259 NW2d 433 (1977), *Linford Lounge, Inc v Michigan Basic Property Ins Ass'n,* 77 Mich App 710; 259 NW2d 201 (1977). Here the insurer acquiesced to the umpire's decision and paid the full award within 60 days. In such cases, entry of a judgment accompanied by 6 per cent statutory interest is inappropriate. See *Thermo-Plastics R & D, Inc v General Accident Fire & Life Assurance Corp, Ltd,* 42 Mich App 418, 422; 202 NW2d 703 (1972).

Affirmed in part, reversed in part.

Costs to defendant.