MASCO CORPORATION v KEMPER INSURANCE GROUP

Docket No. 61707. Submitted August 3, 1982, at Lansing.—Decided
January 20, 1983.

Masco Corporation insured its premises under a standard form
fire insurance policy issued by Kemper Insurance Group and
American Protection Insurance Company. The policy contained
additional business interruption coverage. Masco's premises
were damaged by a fire which resulted in both damage to the
premises and business interruption losses. After receiving no-
tice and proof of loss, the insurers promptly paid $557,312.40
but rejected as excessive Masco's further claim of $305,101.98
for damage to certain equipment and business interruption
losses. The parties were unable to negotiate a settlement of the
claim for these additional claimed losses. When Masco and the
insurers were unable to agree on the selection of an umpire
pursuant to the policy language, Masco filed a complaint in
Oakland Circuit Court against the insurers. The complaint
alleged that the defendants had in bad faith failed to comply
with the insurance contract for the purpose of wrongfully
retaining monies rightfully due to plaintiff and sought enforce-
ment of the insurance contract and an award of interest.
Robert L. Templin, J., appointed an umpire to serve in the
appraisal procedures outlined in the insurance policy. The
parties agreed to modify the procedure specified in the policy
by having the dispute submitted to the court-appointed umpire
alone, with his decision being final and binding on the parties.
The umpire awarded plaintiff $192,372.66, of which $42,058.82
represented business interruption losses. Plaintiffs filed a peti-
tion for judgment in the amount of the umpire's award, plus
interest. Defendants, through counsel, notified plaintiffs that
they would not abide by the umpire's award; however, defen-
dants, before the petition for judgment had come to hearing
and 43 days after the award, issued a check in the amount of
$150,314.24, which represented the umpire's award less the
amount for business interruption losses. Thereafter, the trial
court granted judgment in favor of plaintiff in the amount of

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance §§ 1522, 1523.

the unpaid portion of the umpire's award, $42,058.42, and judgment interest totalling $19,657.27. Defendants paid those sums and now appeal. *Held:*

Under these circumstances, where the insured was forced to seek judicial enforcement of both the policy appraisal procedure and the umpire's award, an award of statutory judgment interest is proper. The amount of such interest should be $19,370.62.

Affirmed as modified.

INTEREST — JUDGMENT INTEREST — INSURANCE — FIRE INSURANCE.

An award of statutory interest from the date of the filing of an amended complaint seeking enforcement of a standard form fire insurance policy is proper where the insurer refuses to pay a portion of the claim for insurance benefits, refuses to pick an umpire in accordance with the statutory policy language, refuses to abide by the umpire's award, and pays only a portion of the umpire's award until ordered to pay the full award by the court (MCL 500.2832, 600.6013; MSA 24.12832, 27A.6013).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Stephen M. Wittenberg, P.C.* (by *David M. Bakken*), for defendants.

Before: DANHOF, C.J., and J. H. GILLIS and M. R. KNOBLOCK,* JJ.

PER CURIAM. Defendant insurers appeal as of right a circuit court award of interest totalling $19,657.27 on fire insurance proceeds of $192,372.66.

Certain of plaintiff's property was insured by defendants against fire loss under a Michigan standard fire insurance policy, MCL 500.2832; MSA 24.12832. The policy included coverage for losses incurred in the event of business interruption resulting from fire damage to the insured property. On April 17, 1979, a fire occurred which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

resulted in both premise damage and business interruption losses. After receiving notice and proof of loss from plaintiff, defendants promptly paid $557,312.40 but rejected as excessive plaintiff's additional claim of $305,101.98 for damages to certain equipment and business interruption losses. The parties were unable to negotiate an agreement as to the value of these losses.

The insurance policy included the statutory language concerning the selection of appraisers and an umpire. (See MCL 500.2832; MSA 24.12832.) Defendants selected their attorney to serve as their appraiser and plaintiff objected on the basis that he was not a competent and disinterested appraiser as required by the policy. Plaintiff submitted to defendants a list of three appraisers for consideration as prospective umpires, but no selection was made by defendants and the parties were unable to agree upon an umpire.

On December 18, 1980, plaintiff filed a complaint in Oakland County Circuit Court, which complaint was amended on December 31, 1980, seeking enforcement of the insurance contract and an award of interest, alleging that defendants had, in bad faith, failed to comply with the insurance contract for the purpose of wrongly retaining use of monies rightfully due plaintiff. Following a show cause hearing on January 21, 1981, the circuit court appointed an umpire to serve in the appraisal procedure outlined in the insurance policy.

The first appraisal hearing was set for May 27, 1981. On that date, prior to commencement of the hearing, all parties, through counsel, agreed to a modification of the appraisal procedure specified in the insurance policy and agreed that the dispute would be submitted to the court-appointed umpire alone and that his decision would be final and

binding on the parties as the award of the umpire. The umpire subsequently held three additional hearings and, on August 27, 1981, rendered his decision awarding plaintiff $192,372.66, of which $42,058.82 represented business interruption losses. However, contrary to the assertion of plaintiff, the decision did not specify a time period within which the award was due and payable.

On September 27, 1981, plaintiff filed a petition requesting judgment in the amount of the umpire's award, plus interest. On September 28, 1981, defendants' counsel notified plaintiff's counsel by letter that defendants would not abide by the decision of the umpire, asserting that, in spite of the May 27, 1981, agreement, the appraisal procedure was not in accord with that specified in the insurance policy. However, on October 9, 1981, some 43 days after the award was rendered, defendants issued a check to plaintiff in the amount of $150,314.24 but withheld the portion of the award for business interruption losses. Thereafter, plaintiff's petition came on for hearing, and judgment was granted in favor of plaintiff in the amount of the unpaid portion of the award, $42,058.42, and judgment interest totalling $19,657.27. On November 25, 1981, 96 days after the award was originally granted by the umpire, defendants paid the remainder of the award, plus interest, and took this appeal after denial of their motion for rehearing.

Citing *O J Enterprises, Inc v Ins Co of North America,* 96 Mich App 271; 292 NW2d 207 (1980), defendants assert that the trial court erred in awarding interest on the umpire's award from the date the amended complaint was filed until the date of judgment. We are of the opinion that defendants' reliance on *O J Enterprises* is mis-

placed. In that case, after the court appointed an umpire at the insured's request and an award was made, the insurer paid the full award within 60 days of its rendition. In disallowing the award of interest, the court specifically noted that it was not a case where the insurer contested the umpire's award so that judicial intervention was necessary. Such is not the case before us.

In this case, the insurer contested the umpire's award, thereby requiring judicial intervention. On September 28, 1981, 32 days after the award was rendered and one day after the insured petitioned for entry of judgment, defendants objected to the form of the award, alleging it was not in conformity with the insurance policy. As a matter of fact, defendants are asserting that same issue in this Court as an alternate basis for denial of the interest award. And though defendants did then pay a portion of the award within the 60-day period after it was granted, the balance was not paid until after entry of judgment.

On the record presented, we find the facts of this case more akin to those set forth in *Linford Lounge, Inc v Michigan Basic Property Ins Ass'n,* 77 Mich App 710; 259 NW2d 201 (1977). There, as here, the insurer challenged the umpire's award in the trial court to no avail. This Court affirmed the award of judgment interest by the trial court on the insurance proceeds awarded pursuant to MCL 600.6013; MSA 27A.6013. We are of the opinion that the insured in this case is entitled to interest on the umpire's award of $192,372.66 at 12% per annum from the date the original complaint was filed to the date of payment. The appellate briefs of the parties indicate that defendants issued checks for payment of $150,314.24 on October 9, 1981, and the balance of the award on November

25, 1981, thereby entitling plaintiff to total interest in the amount of $19,370.62.

Finally, we find defendants' assertion that the umpire's award was invalid because it was not signed by the umpire and one appraiser to be without merit. The affidavit of the court-appointed umpire indicates the parties agreed to this modification of the appraisal procedure as outlined in the insurance policy, and the trial court so found. There has been no basis presented to this Court to warrant a reversal of that finding.

Affirmed as modified, costs to the plaintiff.