Per Curiam.
 

 Plaintiff Auto-Owners Insurance Company appeals as of right from an order granting summary disposition to defendants. We affirm.
 

 
 *396
 
 This case arises from disputes over fire losses suffered by defendant Anthony J. Rapp and defendants Julush and Patricia Banks after fires at their respective homes. Rapp and the Bankses were insured by plaintiff at the time of their losses. They hired defendant Allied Adjusters & Appraisers, Inc., which is owned by defendant Gary Lappin, to adjust their losses. However, plaintiff and Allied were unable to agree on the amount of the losses, and in each case an appraisal of the loss was demanded under the policy provisions and MCL 500.2833(1)(m); MSA 24.12833(1)(m). Rapp and the Bankses named Lappin as their independent appraiser under MCL 500.2833(1)(m); MSA 24.12833(1)(m) after Allied withdrew from further participation in the matter. Plaintiff filed this declaratory judgment action asking the trial court to declare that Lappin could not serve as an independent appraiser under MCL 500.2833(1)(m); MSA 24.12833(1)(ia) because he is the sole shareholder of Allied, which adjusted the losses. Plaintiff moved for summary disposition under MCR 2.116(C)(10), but the trial court denied plaintiffs motion and instead granted summary disposition to defendants, MCR 2.116(I)(2).
 

 Plaintiff argues the trial court erred in granting summary disposition to defendants because the fact that Lappin had previously served as adjuster on these claims meant that he could not be an independent appraiser as required by the statute. Statutory construction is a question of law that is reviewed de novo on appeal.
 
 Oakland Co Bd of Co Rd Comm’rs v Michigan Property & Casualty Guaranty Ass’n,
 
 456 Mich 590, 610; 575 NW2d 751 (1998). A trial court’s grant of summary disposition is also reviewed de
 
 *397
 
 novo.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998). A motion for summary disposition is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10);
 
 Smith v Globe Life Ins Co,
 
 460 Mich 446, 454-455; 597 NW2d 28 (1999). MCR 2.116(I)(2) provides that “[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party.”
 

 The current statutory provision that governs appraisal of property in insurance cases in Michigan was enacted in 1990 and provides that, if the insurer and the insured cannot agree on the value of the loss, a written demand may be made that the amount of the loss is to be set by an appraisal. MCL 500.2833(1)(m); MSA 24.12833(1)(m). When a written demand is made, the insured and the insurer each choose a “competent, independent appraiser . . . .”
 
 Id.
 
 Together, the appraisers choose a “competent, impartial umpire.”
 
 Id.
 
 If the two appraisers are unable to agree on the amount of the loss, they submit their differences to the umpire.
 
 Id.
 
 Once any two of the three agree in writing on an amount, that amount becomes set and final.
 
 Id.
 
 Each party pays the appraiser it selects, and each party pays half of the umpire’s fee.
 
 Id.
 

 The previous version of the statute, 1956 PA 218, was substantially the same, but required each party to select “competent and disinterested” appraisers, who would then select a “competent and disinterested umpire . . . .” MCL 500.2832, lines 126 and 128-129; MSA 24.12832, lines 126 and 128-129 (repealed by
 
 *398
 
 1990 PA 305). Only the meaning of the phrase “independent appraiser” is at issue in this case.
 

 The primary rule of statutory construction is to ascertain and give effect to the intent of the Legislature through reasonable construction in consideration of the purpose of the statute and the object sought to be accomplished.
 
 Frankenmuth Mut Ins Co v Marlette Homes, Inc,
 
 456 Mich 511, 515; 573 NW2d 611 (1998). The first step in determining the intent of the Legislature is to review the language of the statute itself.
 
 In re MCI Telecommunications Complaint (Ameritech Michigan v Public Service Comm),
 
 460 Mich 396, 411; 596 NW2d 164 (1999). Where a statute does not define a term, its ordinary meaning applies.
 
 Popma v Auto Club Ins Ass’n,
 
 446 Mich 460, 470; 521 NW2d 831 (1994). Reference to a dictionary is appropriate to determine the ordinary meaning of a word.
 
 Id.
 

 Under the previous statute, this Court held that an insured’s appraiser is not disqualified by the fact that he previously computed the loss as an adjuster, absent a showing of prejudicial misconduct.
 
 Linford Lounge, Inc v Michigan Basic Property Ins Ass’n,
 
 77 Mich App 710, 713; 259 NW2d 201 (1977). Plaintiff argues that
 
 Linford Lounge
 
 does not govern in this case because it applies only to cases in which a party is asking a court to set aside an appraisal award that has previously been made. We disagree. The issue in
 
 Linford Lounge
 
 was, simply, whether an appraiser can be disinterested within the meaning of the statute when he had a prior contract with the insured to adjust the loss. See
 
 id.
 
 at 713. The answer was yes, provided there was no showing of prejudicial misconduct.
 
 Id.
 
 We do not believe that the point at which an
 
 *399
 
 appraiser’s disinterest is questioned logically affects the analysis.
 

 The statutory appraisal process is a substitute for the judicial determination of disputes over the amount of losses to be paid by insurers.
 
 Emmons v Lake States Ins Co,
 
 193 Mich App 460, 466; 484 NW2d 712 (1992). Judicial review of the appraisal process is limited to “instances of bad faith, fraud, misconduct or manifest mistake.”
 
 Id.
 
 If a party attacks an appraiser’s impartiality, that party has the burden of proof to show prejudicial misconduct.
 
 Id.;
 
 see
 
 Lin-ford Lounge, supra
 
 at 713. Plaintiff admitted that Lap-pin has committed no misconduct, and, consequently, there is no factual issue for trial and defendants are entitled to summary disposition under
 
 Linford Lounge.
 

 However, plaintiff also argues that the 1990 amendment effectively overruled
 
 Linford Lounge.
 
 Generally, the Legislature’s purpose in rewriting this statute was “to facilitate redrafting of insurance policies to make them more readable and understandable by consumers.”
 
 Borman v State Farm Fire & Casualty Co,
 
 446 Mich 482, 490, n 15; 521 NW2d 266 (1994) (citing Senate Fiscal Agency Analysis, SB 490, February 15, 1991).
 

 When a statute is repealed and another is enacted that covers the same subject area, a presumption arises that any change in wording reflects a legislative intent to change the statute’s meaning.
 
 Williams v Auto Club Group Ins Co (On Remand),
 
 224 Mich App 313, 319; 569 NW2d 403 (1997). While the Legislature did not change either the overall statutory scheme or the basic procedure for conducting an appraisal, it did change specific words in a way that we believe
 
 *400
 
 indicates that the standards for appraisers and umpires are no longer the same. The previous version of the statute required the same standard for appraisers and umpires; both were to be “competent and disinterested.” MCL 500.2832; MSA 24.12832 (repealed). In the amended version, however, the Legislature chose to use different adjectives; the appraisers must now be “competent” and “independent,” whereas the umpire must be “competent” and “impartial.” MCL 500.2833(1)(m); MSA 24.12833(1)(m).
 

 The dictionary definition of the term, “disinterested,” suggests that under the previous version of the statute both the appraisers and the umpires were required to be impartial and unbiased. Black’s Law Dictionary (6th ed). However, as we have stated, this Court had construed “disinterested” to include an appraiser who previously served as an adjuster, as long as he had not engaged in prejudicial misconduct.
 
 Linford Lounge, supra
 
 at 713. The Legislature was silent for thirteen years after that holding, suggesting that it consented to that construction. See
 
 Craig v Larson,
 
 432 Mich 346, 353; 439 NW2d 899 (1989). The Legislature changed the wording to “independent appraiser” and “impartial umpire” only when it decided to redraft the entire statute to make it more understandable for consumers. See
 
 Borman, supra
 
 at 490, n 15. We believe that the Legislature’s intent was to indicate that now a higher standard of fairness is required from an umpire than from an appraiser.
 

 The definition of “independent” is “[n]ot dependent; not subject to control, restriction, modification, or limitation from a given outside source.” Black’s Law Dictionary (6th ed). The definition of “impartial” is “[flavoring neither; disinterested; treating all alike;
 
 *401
 
 unbiased; equitable, fair, and just.”
 
 Id.
 
 The implication is that the independent appraiser may be biased toward the party who hires and pays him, as long as he retains the ability to base his recommendation on his own judgment. The umpire, in contrast, may not favor either party; he must serve only equity, fairness, and justice.
 

 Because “independent appraisers” may feel biased toward the party who hired them, this construction leaves intact the rule that appraisers are not disqualified from their appointments on the basis of having previously served as adjusters.
 
 Linford Lounge, swpra
 
 at 713. Further, the purpose of the statutory provision at issue is for the amount of any loss to be determined without the consumption of judicial resources.
 
 Emmons, supra
 
 at 466. To that end, the statutory scheme contemplates each party hiring its own expert, with an impartial umpire, paid for equally by the parties, to break any impasse. MCL 500.2833(1)(m); MSA 24.12833(1)(m). We believe that this construction, which comports with common sense and the dictionary definitions of the words at issue, also best accomplishes the purposes of the statute. See
 
 Frankenmuth Mut Ins Co, supra
 
 at 515.
 

 Affirmed.